UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM CHEN,<br>　　　　Plaintiff,<br><br>v.<br><br>PROCOLLECT, INC.,<br>　　　　Defendant, | )<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>) |

**COMPLAINT AND JURY DEMAND**

Plaintiff Adam Chen brings suit to recover damages due to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").and M.G.L. c. 93A, § 2, in attempting to collect an alleged consumer debt.

**Parties**

1. Plaintiff Adam Chen is an individual who resides in Somerville, Middlesex County, Massachusetts.

2. Defendant ProCollect, Inc., is a corporation organized under the laws of the State of Texas, having a principal place of business at 12170 N. Abrams, Road, Suite 100, Dallas, Texas.

**Statement of Facts**

3. At all times relevant to this complaint Defendant was a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a and the Massachusetts Debt Collection Practices Act, M.G.L. c. 93, § 24, because: (a) it used the mails, telephone lines, and other instrumentalities of interstate commerce in a business the principal purpose of which was the collection of consumer debts; and (b) it regularly collected and attempted to collect, directly or

1

indirectly, consumer debts due or owed or asserted to be due or owed to another. As used in this complaint, the term "consumer debt" means a financial obligation incurred primarily for personal, household, or family purposes.

4. At some time prior to January 29, 2020, a consumer debt allegedly owed to the "Connection at Lawrence Apartments" by an individual named "Tianyu Chen" was placed for collection with Defendant.

5. Immediately or shortly after the alleged debt was placed for collection, Defendant reported the alleged debt as a "collection account" to all three major credit reporting agencies under Plaintiff's name and social security number, despite the facts that Plaintiff's first name was different from that of the alleged debtor and Plaintiff's social security number differed significantly from that of the alleged debtor.

6. The false and negative credit reporting by Defendant caused Plaintiff's credit score to immediately drop about ninety points, from approximately 780 to 690.

7. Between January 29, 2020 and May 28, 2020, Defendant left at least seven voicemails for Plaintiff regarding the alleged debt. Each voicemail stated that Defendant was attempting to collect a debt.

8. On June 3, 2020, Defendant called Plaintiff again regarding the alleged debt, and Plaintiff answered the call. Plaintiff explained that he did not owe the alleged debt and that Defendant's records were incorrect. Defendant's representative, who identified himself as "Mr. West," ignored Plaintiff's explanation and told Plaintiff that he must pay the debt within a few days or further collection action would be taken.

9. Plaintiff did not pay the alleged debt within a few days as instructed by "Mr. West," yet no further collection occurred.

10. At no time, much less within five (5) days of the initial communication, did Defendant provide Plaintiff in writing with the information and disclosures required by 15 U.S.C. 1692g(a) and 209 CMR 18.18(1).

11. As a result of Defendant's actions, Plaintiff's credit was harmed. In addition, Defendant's telephone calls were intrusions on Plaintiff's privacy and peace of mind, and Defendant's payment ultimatum caused Plaintiff to suffer severe anxiety and other emotional distress, resulting in headaches, indigestion, and loss of sleep. Plaintiff also suffered harm by not being adequately and timely informed in writing of the amount of the alleged debt, the name of the creditor to whom the alleged debt was owed, and his rights to dispute and request validation of the alleged debt.

## COUNT I: Violations of the FDCPA

12. Plaintiff repeats and incorporates herein all preceding allegations.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is an individual and was alleged to owe a consumer debt.

14. Defendant violated the following provisions of the FDCPA: (i) § 1692e(8), by communicating credit information known to be false or which reasonably should have been known to be false; (ii) § 1692e(2), by falsely representing the character and amount of the alleged debt; (iii) § 1692e(5), by threatening to take action and taking action that could not legally be taken; (iv) § 1692e(10), by using false representations and deceptive means to attempt to collect a debt; and (v) § 1692g(a), by failing to provide in writing the information required by said section within five (5) days of the initial communication.

15. As direct and proximate results of Defendant's violations of the FDCPA, Plaintiff suffered harm as alleged herein.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment:

(a) Awarding him actual damages;

(b) Awarding him statutory damages;

(c) Awarding interest, costs, and reasonable attorney's fees;

(d) Awarding such further relief as shall be just and proper.

## COUNT II: Violations of M.G.L. c. 93A

16. Plaintiff repeats and incorporates herein all preceding allegations.

17. At all relevant times, Defendant was engaged in trade or commerce in Massachusetts.

18. The above-described misconduct of Defendant constituted unfair and/or deceptive acts and practices in violation of M.G.L. c. 93A, § 2.

19. The above-referenced violations of the FDCPA constituted *per se* violations of M.G.L. c. 93A, § 2.

20. Defendant's violations of M.G.L. c. 93A, § 2, were knowing or willful in nature.

21. As a result of Defendant's violations of M.G.L. c. 93A, § 2. Plaintiff suffered harm as alleged herein.

22. Plaintiff is entitled to assert this claim without serving a pre-suit demand letter pursuant to M.G.L. c. 93A, § 9, since Defendant does not have assets or maintain a place of business in Massachusetts.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment:

(a) Awarding him actual damages or $25.00, whichever is greater;

(b) Doubling or trebling all actual damages awarded;

(c) Awarding interest, costs, and reasonable attorney's fees;

(d) Awarding such further relief as shall be just and proper.

**TRIAL BY JURY IS DEMANDED**

        Respectfully submitted,
        **ADAM CHEN**

        By his attorney:

        */s/ Kenneth D. Quat*
        Kenneth D. Quat (BBO #408640)
        QUAT LAW OFFICES
        929 Worcester Rd.
        Framingham MA 01701
        508-872-1261
        ken@quatlaw.com